IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REUBEN HALEY, | ) |
| Plaintiff, | ) Case No.: 22-cv-1785 |
| v. | ) Complaint for Violation of Civil Rights |
| Chicago Police Officer Nicu J. Tohatan, Star No. 18703 and Chicago Police Sergeant Edward J. Ranzzoni, Ph.D., Star No. 1776, | ) **JURY DEMANDED** |
| Defendants. | ) |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff REUBEN HALEY ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant Officer Nicu J. Tohatan, Star No. 18703 ("Tohatan"), was employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendant in his individual capacity.

5. At all times mentioned herein, Defendant Sergeant Edward J. Ranzzoni, Ph.D., Star No. 1776 ("Ranzzoni"), was employed by the City of Chicago Police Department and acted under

the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendant in his individual capacity.

## FACTUAL ALLEGATIONS

6. On or about December 28, 2021, at all times material, Plaintiff lawfully operated and/or managed a motor vehicle at or near 1 W Erie St., Chicago, Illinois.

7. On or about December 28, 2021, at all times material, Plaintiff was stopped facing east on the right side of West Erie Street. Shortly thereafter, Chicago Police Officer Tohatan and Chicago Police Sergeant Ranzzoni (collectively "Defendants") pulled up in a police vehicle, stepped out, and approached Plaintiff's motor vehicle.

8. Tohatan approached the driver's side of the motor vehicle while Ranzzoni approached the passenger's side.

9. Tohatan asked Plaintiff for his insurance and driver's license. Plaintiff complied with Tohatan's command.

10. Tohatan asked Plaintiff whether he had a gun permit and/or weed on him. Plaintiff responded to the effect that he does not have a gun and does not have any weed.

11. Tohatan commanded Plaintiff to step out of his motor vehicle.

12. Defendants did not have legal cause to command Plaintiff to step out of his motor vehicle.

13. Tohatan opened the driver's side door and Plaintiff immediately stepped out of the motor vehicle. Defendants immediately handcuffed Plaintiff.

14. Defendants did not have legal cause to handcuff Plaintiff.

15. Ranzzoni then guided Plaintiff towards the back of his motor vehicle. Plaintiff remained handcuffed while Tohatan searched his motor vehicle.

16. Plaintiff is informed and believes and thereon alleges that Ranzzoni was Tohatan's supervisor. Ranzzoni was aware and/or participated in the unlawful conduct that Tohatan committed but failed to protect Plaintiff from that conduct.

17. Defendants did not have legal cause to detain and/or arrest Plaintiff.

18. Tohatan searched Plaintiff's motor vehicle but failed to find any contraband.

19. Defendants did not have legal cause to search Plaintiff's motor vehicle.

20. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

21. The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-mentioned actions and/or omissions by Defendants, Plaintiff retained an attorney to institute, prosecute, and render legal assistance to them in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### PLAINTIFF REUBEN HALEY AGAINST OFFICER TOHATAN AND SERGEANT RANZZONI FOR UNREASONABLE SEARCH OF HIS MOTOR VEHICLE

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. Defendants deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff and his motor vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendants violated Plaintiff's rights by commanding him to step out of his motor vehicle and by searching his motor vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### PLAINTIFF REUBEN HALEY AGAINST OFFICER TOHATAN AND SERGEANT RANZZONI FOR WRONGFUL DETENTION AND/OR ARREST

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

27. Defendants deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

28. The arbitrary detention and/or arrest of Plaintiff violated his Constitutional Rights and were not authorized by law. Defendants violated Plaintiff's rights by commanding Plaintiff to step out of his vehicle and unlawfully detained and/or arrested Plaintiff without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT III
### PLAINTIFF REUBEN HALEY AGAINST SERGEANT RANZZONI FOR FAILURE TO INTERVENE

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

30. Ranzzoni deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

31. Ranzzoni violated Plaintiff's rights by failing to intervene when Tohatan unjustifiably searched Plaintiff's motor vehicle and when Tohatan unjustifiably detained and/or arrested Plaintiff. Further, Ranzzoni had a reasonable opportunity to intervene to prevent the harm from occurring. Ranzzoni's failure to intervene violated Plaintiff's Constitutional Rights and was not authorized by law. Accordingly, Ranzzoni is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, REUBEN HALEY, by and through his attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. That Defendants to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants to pay Plaintiff's special damages;

3. That Defendants to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

        BY: <u>Peter T. Sadelski</u>
           Peter T. Sadelski
           ED FOX & ASSOCIATES, LTD.
           Attorneys for Plaintiffs
           300 West Adams, Suite 330
           Chicago, Illinois 60606
           (312) 345-8877
           psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY: <u>Peter T. Sadelski</u>
           Peter T. Sadelski
           ED FOX & ASSOCIATES, LTD.
           Attorneys for Plaintiffs
           300 West Adams, Suite 330
           Chicago, Illinois 60606
           (312) 345-8877
           psadelski@efoxlaw.com